**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DECAPOLIS SYSTEMS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 6:21-CV-01192-ADA** |
| | § | |
| **SPORTS MEDICINE ASSOCIATES OF SAN ANTONIO,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT SPORTS MEDICINE ASSOCIATES OF SAN ANTONIO'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Sports Medicine Associates of San Antonio ("SMASA"), by and through their undersigned counsel, submits its Answer in response to Plaintiff Decapolis Systems, LLC's ("Decapolis") Original Complaint for Patent Infringement ("Complaint"). SMASA denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.[1] The numbered paragraphs in the Answer correspond to the numbered paragraphs of the Complaint.

## THE PARTIES

1. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies all such allegations.

2. SMASA denies the allegations in Paragraph 2 of the Complaint.

[1] For avoidance of doubt, SMASA denies all allegations included or implied in the introductory paragraph or in any headings or footnotes in the Complaint.

## JURISDICTION AND VENUE

3. SMASA admits that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338, but SMASA denies that there is any factual or legal basis for any of Decapolis' claims and denies Decapolis is entitled to any relief from SMASA. Except as expressly admitted, SMASA denies the allegations in Paragraph 3 of the Complaint.

4. SMASA does not contest, solely for the purpose of the present action, that this Court has personal jurisdiction over it. SMASA denies that it has committed acts of patent infringement in this District, Division, or elsewhere. Except as expressly admitted, SMASA denies the allegations in Paragraph 4 of the Complaint.

5. SMASA admits that it conducts business in Texas. SMASA further admits that it provides services to customers that are located throughout the United States. SMASA denies the remaining allegations in Paragraph 5 of the Complaint.

6. SMASA admits that its headquarters are based in San Antonio, Texas wherein SMASA has employees located. Except as expressly admitted, SMASA denies the allegations in Paragraph 6 of the Complaint.

7. SMASA incorporates by reference its response to Paragraph 6 above as if fully set forth herein. SMASA further states that, solely for purposes of the present action, SMASA does not contest that venue is proper in the Western District of Texas, but SMASA denies that venue is convenient in this Division. SMASA denies the remaining allegations in Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies all such allegations.

9. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies all such allegations.

10. Paragraph 10 of the Complaint sets forth legal conclusions and questions of law to which no response is required. SMASA denies the remaining allegations in Paragraph 10 of the Complaint.

11. SMASA admits that U.S. Patent Nos. 7,464,040 (the "'040 patent") and 7,490,048 (the "'048 patent") (collectively, the "Patents-In-Suit") identify Raymond A. Joao as the purported sole inventor. SMASA denies any remaining allegations in Paragraph 11 of the Complaint.

12. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint concerning whether the Patents-In-Suit "have been back-cited in patents issued to well-known industry leaders," and therefore denies all such allegations. SMASA denies any remaining allegations in Paragraph 12 of the Complaint.

13. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies all such allegations.

14. SMASA denies the allegations in Paragraph 14 of the Complaint.

15. SMASA denies the allegations in Paragraph 15 of the Complaint.

16. SMASA admits that the '040 Patent speaks for itself but denies any allegations inconsistent therewith. SMASA denies any remaining allegations in Paragraph 16 of the Complaint.

17. SMASA admits that the '040 Patent speaks for itself but denies any allegations inconsistent therewith. SMASA denies any remaining allegations in Paragraph 17 of the Complaint.

18. SMASA admits that the ‘040 Patent speaks for itself but denies any allegations inconsistent therewith. SMASA denies any remaining allegations in Paragraph 18 of the Complaint.

19. SMASA denies the allegations in Paragraph 19 of the Complaint.

20. SMASA denies the allegations in Paragraph 20 of the Complaint.

21. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint regarding whether “the United States of America, Department of the Army even cites to the Decapolis Patents,” and therefore denies all such allegations. SMASA denies all remaining allegations in Paragraph 21 of the Complaint.

22. SMASA denies the allegations in Paragraph 22 of the Complaint.

23. SMASA denies the allegations in Paragraph 23 of the Complaint.

24. SMASA denies the allegations in Paragraph 24 of the Complaint.

25. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and therefore denies all such allegations.

26. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and therefore denies all such allegations.

27. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies all such allegations.

28. Paragraph 28 of the Complaint sets forth legal conclusions and questions of law to which no response is required. SMASA denies the remaining allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth legal conclusions and questions of law to which no response is required. SMASA denies the remaining allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint sets forth legal conclusions and questions of law to which no response is required. SMASA denies the remaining allegations in Paragraph 30 of the Complaint.

## THE ACCUSED INSTRUMENTALITIES

i. SMASA denies the allegations in Paragraph 30, subpart (i) of the Complaint.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,490,048

31. SMASA realleges and incorporates by reference its responses to Paragraphs 1–30 of the Complaint above, as if fully set forth herein.

32. SMASA admits that it has had notice of the ‘048 Patent since the time it was served with the Complaint in this case. SMASA denies any remaining allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, SMASA denies the allegations in Paragraph 33 of the Complaint.

34. SMASA denies the allegations of Paragraph 34 of the Complaint.

35. SMASA denies the allegations in Paragraph 35 of the Complaint.

36. SMASA denies the allegations in Paragraph 36 of the Complaint.

37. SMASA denies the allegations in Paragraph 37 of the Complaint.

38. SMASA denies the allegations in Paragraph 38 of the Complaint.

39. SMASA denies the allegations in Paragraph 39 of the Complaint.

40. SMASA denies the allegations in Paragraph 40 of the Complaint.

41. SMASA denies the allegations in Paragraph 41 of the Complaint.

42. SMASA denies the allegations in Paragraph 42 of the Complaint.

43. SMASA denies the allegations in Paragraph 43 of the Complaint.

44. SMASA denies the allegations in Paragraph 44 of the Complaint.

45. SMASA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the evidence on which Decapolis "will rely" in this litigation, and on that basis denies them. To the extent that Paragraph 45 contains any additional allegations, SMASA denies them.

46. SMASA denies the allegations in Paragraph 46 of the Complaint

47. SMASA denies the allegations in Paragraph 47 of the Complaint.

48. SMASA denies the allegations in Paragraph 48 of the Complaint.

49. SMASA admits that it has never entered into a license agreement with Decapolis. To the extent Paragraph 49 contains any additional allegations, SMASA denies them.

**COUNT II**

**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,464,040**

50. SMASA realleges and incorporates by reference its responses to Paragraphs 1–49 of the Complaint above, as if fully set forth herein.

51. SMASA admits that it has had notice of the '040 Patent since time it was served with the Complaint in this case. SMASA denies any remaining allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, SMASA denies the allegations in Paragraph 52 of the Complaint.

53. SMASA is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint and therefore denies all such allegations. SMASA denies the remaining allegations of Paragraph 53 of the Complaint.

54. SMASA denies the allegations of Paragraph 54 of the Complaint.

55. SMASA denies the allegations in Paragraph 55 of the Complaint.

56. SMASA denies the allegations in Paragraph 56 of the Complaint.

57. SMASA denies the allegations in Paragraph 57 of the Complaint.

58. SMASA denies the allegations in Paragraph 58 of the Complaint.

59. SMASA denies the allegations in Paragraph 59 of the Complaint.

60. SMASA denies the allegations in Paragraph 60 of the Complaint.

61. SMASA denies the allegations in Paragraph 61 of the Complaint.

62. SMASA denies the allegations in Paragraph 62 of the Complaint.

63. SMASA denies the allegations in Paragraph 63 of the Complaint.

64. SMASA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the evidence on which Decapolis "will rely" in this litigation, and on that basis denies them. To the extent that Paragraph 64 contains any additional allegations, SMASA denies them.

65. SMASA denies the allegations in Paragraph 65 of the Complaint.

66. SMASA denies the allegations in Paragraph 66 of the Complaint.

67. SMASA denies the allegations in Paragraph 67 of the Complaint.

68. SMASA admits that it has never entered into a license agreement with Decapolis. To the extent Paragraph 68 contains any additional allegations, SMASA denies them.

## PRAYER FOR RELIEF

SMASA denies that Decapolis is entitled to any of the relief sought, and specifically denies all allegations and prayers for relief requested in subparagraphs (1)-(5) and prays that Decapolis take nothing by way of its Complaint.

## DECAPOLIS' JURY DEMAND

Decapolis' demand for a jury trial does not require a response from SMASA. SMASA also requests a jury trial of all issues triable by jury in this action.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Procedure, SMASA, without waiver, limitation, or prejudice, hereby asserts the Affirmative Defenses listed below. SMASA reserves the right to amend this Answer and to add Affirmative Defenses, including any defenses currently unknown to SMASA, as they become known throughout the course of discovery in this action or otherwise. SMASA's assertion of these defenses is not a concession that SMASA has the burden of proving the matter asserted. SMASA reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## FIRST DEFENSE

SMASA does not and has not infringed, under any theory of infringement (including directly or indirectly, whether contributorily or by inducement) any valid and enforceable claim of the '048 Patent, either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

**SECOND DEFENSE**

Each asserted claim of the ‘048 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD DEFENSE**

The claims of the ‘048 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by SMASA, including in light of the doctrine of prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during prosecution of the applications leading to issuance of the ‘048 Patent and related patents.

**FOURTH DEFENSE**

To the extent Decapolis asserts that SMASA indirectly infringes the ‘048 Patent, either by contributory infringement or inducement of infringement, SMASA is not liable to Decapolis for the acts alleged to have been performed before SMASA knew that its actions would allegedly cause infringement, including but not limited to before Decapolis filed its Complaint against SMASA.

**FIFTH DEFENSE**

SMASA does not and has not infringed, under any theory of infringement (including directly or indirectly, whether contributorily or by inducement) any valid and enforceable claim of the ‘040 Patent, either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

**SIXTH DEFENSE**

Each asserted claim of the ‘040 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**SEVENTH DEFENSE**

The claims of the ‘040 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by SMASA, including in light of the doctrine of prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during prosecution of the applications leading to issuance of the ‘040 Patent and related patents.

**EIGHTH DEFENSE**

To the extent Decapolis asserts that SMASA indirectly infringes the ‘040 Patent, either by contributory infringement or inducement of infringement, SMASA is not liable to Decapolis for the acts alleged to have been performed before SMASA knew that its actions would allegedly cause infringement, including but not limited to before Decapolis filed its Complaint against SMASA.

**NINTH DEFENSE**

Decapolis’ claims are barred, in whole or in part, by equitable doctrines including the doctrines of waiver, acquiescence, unclean hands, and/or equitable estoppel.

**TENTH DEFENSE**

Decapolis’ Complaint fails to state a claim upon which relief can be granted because, *inter alia*, Decapolis has not stated a plausible allegation that SMASA makes, uses, or sells each claimed element of any asserted claim of the ‘048 Patent, or that SMASA directs or controls another entity to make, use, or sell any element that is not made, used, or sold by SMASA.

**ELEVENTH DEFENSE**

Decapolis' Complaint fails to state a claim upon which relief can be granted because, *inter alia*, Decapolis has not stated a plausible allegation that SMASA makes, uses, or sells each claimed element of any asserted claim of the '040 Patent, or that SMASA directs or controls another entity to make, use, or sell any element that is not made, used, or sold by SMASA.

**TWELFTH DEFENSE**

Decapolis' Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the '048 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

**THIRTEENTH DEFENSE**

Decapolis' Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the '040 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

**FOURTEENTH DEFENSE**

To the extent that Decapolis and any predecessors-in-interest to the '048 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287 and otherwise comply with the provisions of 35 U.S.C. § 287, or otherwise have failed to give proper notice that SMASA's actions allegedly infringe the '048 Patent, SMASA is not liable to Decapolis for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '048 Patent.

**FIFTEENTH DEFENSE**

To the extent that Decapolis and any predecessors-in-interest to the '040 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287 and otherwise comply with the provisions of 35 U.S.C. § 287, or otherwise have failed to give proper notice that SMASA's actions allegedly infringe the '040 Patent, SMASA is not liable to Decapolis

for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '040 Patent.

**SIXTEENTH DEFENSE**

On information and belief, Decapolis is estopped from asserting and/or construing any asserted claim of the Patents-In-Suit to have been infringed by the Accused Instrumentalities under the doctrine of equivalents, in whole or in part, by argument based on estoppel; prosecution history estoppel; and collateral, administrative, and judicial estoppel; by virtue of the cancellations, amendments, arguments, representations, and/or concessions made to the U.S. Patent and Trademark Office during the pendency of the applications for the Patents-In-Suit and for any related patents and patent applications and post-grant proceedings.

**SEVENTEENTH DEFENSE**

To the extent Decapolis claims patent infringement under the doctrine of equivalents, Decapolis' claims are barred in whole or in part to the extent the scope of any such equivalent would ensnare the prior art.

**EIGHTEENTH DEFENSE**

Decapolis is not entitled to attorneys' fees, including under 35 U.S.C. § 285.

**SMASA'S COUNTERCLAIMS**

For its counterclaims against Decapolis, SMASA alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Sports Medicine Associates of San Antonio ("SMASA") is a Texas professional association having a principal place of business at 21 Spurs Lane, Suite 300, San Antonio, Texas 78240.

2. On information and belief based solely on Paragraph 1 of the Complaint, Counterclaim Defendant Decapolis Systems, LLC is a limited liability company organized and

existing under the laws of the State of Florida with a principal place of business in at 600 S. Dixie Hwy, #605, West Palm Beach, Florida 33401.

## JURISDICTION

3. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. Decapolis has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

## VENUE

5. Based solely on Decapolis' filing of this action, venue as to these Counterclaims is proper, though not necessarily convenient, in this District and Division under at least 38 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,490,048

6. SMASA incorporates Paragraphs 1–5 of these Counterclaims above, as if fully set forth herein.

7. Based on Decapolis' filing of this action and SMASA's First Defense, an actual controversy has arisen and now exists between the parties as to whether SMASA has infringed any claims of the '048 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., SMASA requests a declaration by the Court that SMASA has not infringed and does not infringe any claim of the '048 Patent under any theory, including directly and indirectly (whether contributorily or by inducement).

**COUNT II**

**DECLARATION REGARDING INVALIDITY OF U.S. PATENT NO. 7,490,048**

9. SMASA incorporates Paragraphs 1–8 of these Counterclaims above, as if fully set forth herein.

10. Based on Decapolis' filing of this action and SMASA's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '048 Patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, SMASA requests a declaration by the Court that all claims of the '048 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT III**

**DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,464,040**

12. SMASA incorporates Paragraphs 1–11 of these Counterclaims above, as if fully set forth herein.

13. Based on Decapolis' filing of this action and SMASA's Fifth Defense, an actual controversy has arisen and now exists between the parties as to whether SMASA has infringed any claims of the '040 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, SMASA requests a declaration by the Court that SMASA has not infringed and does not infringe any claim of the '040 Patent under any theory, including directly and indirectly (whether contributorily or by inducement).

## COUNT IV

## DECLARATION REGARDING INVALIDITY OF U.S. PATENT NO. 7,464,040

15. SMASA incorporates Paragraphs 1–14 of these Counterclaims above, as if fully set forth herein.

16. Based on Decapolis' filing of this action and SMASA's Sixth Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '040 Patent.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, SMASA requests a declaration by the Court that all claims of the '040 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, SMASA asks this Court to enter judgment in SMASA's favor and against Decapolis by granting the following relief:

a. a declaration that the SMASA does not infringe, under any theory, any valid and enforceable claim of the '048 Patent;

b. a declaration that the claims of the '048 Patent are invalid;

c. a declaration that SMASA does not infringe, under any theory, any valid and enforceable claim of the '040 Patent;

d. a declaration that the claims of the '040 Patent are invalid;

e. a declaration that Decapolis take nothing by its Complaint;

f. judgment against Decapolis and in favor of SMASA;

g. dismissal of the Complaint with prejudice;

h. a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to SMASA of its costs and attorneys' fees incurred in this action; and

i. any further relief for SMASA as the Court may deem just and proper.

**JURY DEMAND**

SMASA hereby demands a trial by jury on all issues.

Date: March 25, 2022

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ J. Daniel Harkins*
J. Daniel Harkins
Texas State Bar No. 09008990
dharkins@dykema.com
Ryan D. Borelo
Texas State Bar No. 24118813
rborelo@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

Michael P. Adams
Texas State Bar No. 00872050
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 703-6300
Facsimile: (512) 703-6399
Email: madams@dykema.com

*Attorneys for Defendant Sports Medicine Associates of San Antonio*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 25, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ J. Daniel Harkins*
J. Daniel Harkins